IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.          § | A-21-CR-048  (17)    LY |
| § | |
| LAUREL YURCHICK,            § | |
| Defendant     § | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

There is a presumption of detention in this case because there is probable cause to believe that the defendant committed an offense listed in Title 18, United States Code § 3142(e)(3).

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989). Assuming the defendant has produced adequate rebutting evidence, the presumption remains a factor to be considered by the Court and "may be weighed in the evidentiary balance." *Id*.

After a review of the charging instrument(s), the Government's Motion to Detain, the pretrial services report, the evidence presented and the arguments of counsel, I find:

(a) by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance because there is a serious risk that the defendant will flee and,

(b) by clear and convincing evidence that no condition or combination of conditions will alleviate the serious risk that the defendant will obstruct or attempt to obstruct justice, or

threaten, injure, or intimidate a prospective witness.

My decision is based upon the following factors: the nature of the charges described in the Criminal Complaint, namely Conspiracy to Possess with Intent to Distribute 50 grams or more of Methamphetamine in violation of Title 21, United States Code §§ 846, 841(a)(1) and 841(b)(1)(B), with the potential for enhancement given a prior state and federal felony controlled substance offenses. The charge carries significant statutory and guideline penalties if the defendant were later convicted of the charged offense.

The most compelling justification for the continued detention of the defendant is based upon a review of her history and characteristics, namely her criminal record. Over the past 13 years, the defendant has been arrested and convicted on three separate occasions for drug related criminal offenses. Of particular importance is the defendant's 2017 conviction in U.S. District Court for the Western District of Louisiana for Possession with Intent to Distribute Methamphetamine. That conviction carried with it a 24-month term of imprisonment followed by a three year term of supervised release. That term of supervised release began in December 2018. In other words, there is probably cause to believe the defendant was involved in the conspiracy described in the current indictment while she was on supervised release.

Taken collectively the above summary describes a woman whose promise is not worthy of belief. Simply put, this court has no confidence in any promise the defendant were to make to abide by conditions designed to ensure her appearance in court and to protect the community. The most important condition of her supervised release term was an obligation not to commit crimes. Yet there is probable cause to believe she did just that. The government has met it's burden to support the defendant's detention in this matter until the matter is resolved.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** on May 13, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE